UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PASCHALL L. SANDERS,

        Plaintiff,

  v.                                      Case No. 08-C-146

KEVIN HAYDEN, et al.,

        Defendants.

**ORDER**

Plaintiff Paschall Sanders was committed to the Wisconsin Department of Health and Family Services (DHFS) as a Sexually Violent Person (SVP) pursuant to Chapter 980 of the Wisconsin Statutes. He is presently being held at the Wisconsin Resource Center (WRC). On February 13, 2008, Sanders filed this action for violation of his civil rights pursuant to 42 U.S.C. § 1983 and a petition to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). In seeking leave to proceed *in forma pauperis*, Sanders asks that the filing fee be waived because of his indigency.

Section 1915 is meant to ensure indigent litigants meaningful access to federal courts. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). An indigent plaintiff may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Sanders has filed

the required affidavit of indigence. Upon review of that affidavit, it appears that he could not pay any portion of the filing fee. And because a person under a Chapter 980 commitment is not a prisoner serving a sentence for a crime, the Prison Litigation Reform Act (PLRA), which requires an initial partial payment and full payment over time, see 28 U.S.C. § 1915(b), does not apply. Thus, *in forma pauperis* status will be granted.

But that does not end the inquiry. Though inmates who are involuntarily committed rather than convicted are not deemed prisoners under the PLRA, I nevertheless maintain a duty to "screen" all complaints to ensure that they comply with the Federal Rules of Civil Procedure and that they state at least plausible claims for which relief may be granted. It is clear in the present case that the complaint fails to state a claim.

Under § 1983, a plaintiff must allege (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Sanders' lawsuit challenges a policy recently enacted by WRC under which the wages paid to participants in its patient work program have been reduced so that they now fall below the state and federal minimum wage. He claims this policy violates Title II of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., as well as his constitutional rights to equal protection and due process of law.[1]

---

[1] Sanders also brings this suit pursuant to the Rehabilitation Act of 1973, 92 Stat. 2982, as added, 29 U.S.C. § 794a, which Title II of the ADA incorporates by reference, authorizing private citizens to bring suits for money damages. 42 U.S.C. § 12133.

2

**I. ADA**

Title II of the ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity." *Radaszewski v. Maram*, 383 F.3d 599, 607 (7th Cir. 2004) (quoting 42 U.S.C. § 12132). Here, Sanders claims that while DHFS has reduced the wages paid to SVP committees held at WRC, it continues to pay the statutory minimum wage to other civilly committed mental health patients engaged in work at the Mendota Mental Health Institute and Winnebago Mental Health Institute. He alleges that the discrepancy between in the "minimum wage" rate offered to patients at these other facilities and the new, lower wage rates offered to WRC patients, such as himself, constitutes discrimination in violation of the ADA, because it denies him equal wages based upon his status as a "sexually violent person." Sanders claims that civil commitment under Chapter 980 as a SVP constitutes a disability under the ADA. (Compl. iii.)

Sanders' ADA claim is clearly without merit. The ADA expressly excludes "sexual behavior disorders" from its definition of a disability. 28 C.F.R. § 35.104(5); *see Marsh v. Dept. of Children & Families*, 2006 WL 2474019, *1 (M.D. Fla. 2006) (holding that civil confinement as a sexually violent predator does not constitute a qualifying disability under the ADA). Thus, Sanders' status as a SVP committee does not entitle him to protection of the ADA. Sanders also claims he is disabled and entitled to ADA protection because he suffers from chronic back pain and has received social security benefits due to his physical impairments. (Sanders Decl. Docket #4, iii; Compl. 5, ii.) This allegation is of no avail, however, because he does not allege that his wages have been decreased on that basis. Accordingly, Sanders' claim under the ADA will be dismissed.

**II. Equal Protection**

Sanders also claims that the WRC policy violates his constitutional right to equal protection. The Equal Protection Clause of the Fourteenth Amendment provides that "all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). However, there is ordinarily no equal protection violation where "there is a rational relationship between the disparity of treatment and some legitimate government purpose." *Heller v. Doe by Doe*, 509 U.S. 312, 320 (1993). It is only if a policy interferes with a fundamental right or discriminates against a suspect class that it must withstand strict scrutiny. *See Kadrmas v. Dickinson Public Schools*, 487 U.S. 450, 457-58 (1988). Here, Sanders possesses no fundamental right to the wages at issue, and his status as an institutionalized person under Chapter 980 does not place him in a suspect class. *Weissenberger v. Watters*, 2007 WL 2298220, *3 (W.D. Wis. 2007); *see Thielman v. Leean*, 140 F. Supp. 2d 982, 997 (W.D. Wis. 2001).

The documents Sanders has submitted in support of his complaint indicate that the WRC has reduced the wage rates of the participants in its patient work program in order to maintain consistency with the program at the Sand Ridge Secure Treatment Center (SRSTC) and to expand the WRC work program to offer increased opportunities for patients to engage in meaningful work, while generating budget savings necessary for the institution. (Sanders Decl. Docket #5, Ex. 5.) The WRC policy is rationally related to these legitimate goals. Therefore, it does not violate Sanders' constitutional right to equal protection.

**III. Due Process**

Finally, Sanders contends that by reducing his wages, the defendants violated his right to due process. Sanders does not explain the basis of this claim except to assert that he was denied his

4

constitutional "procedural rights." (Mem. Support iii.) To prevail on any procedural due process claim, a plaintiff must demonstrate both that the defendants interfered with a protected liberty or property interest and that "the procedures attendant upon that deprivation were constitutionally insufficient." *Hewitt v. Helms*, 459 U.S. 460, 472 (1983). Here, there is no allegation suggesting that Sanders was deprived of any constitutionally protected property interest. Clearly, he had no right under either federal or state law to payment of the minimum wage for work performed as part of a rehabilitative program while confined in a State facility with all of his essential needs met at taxpayer expense. Even if he had alleged the deprivation of a constitutionally protected property interest, Wisconsin provides several post-deprivation procedures for challenging the alleged wrongful taking of property. An individual committed under Chapter 980 is thus seldom in a position to argue that State deprived him of procedural due process by taking his property. *Weissenberger*, at *3. Accordingly, Sanders' due process claim will also be dismissed.

Sanders has also filed a motion for appointment of counsel, a motion for preliminary injunction, and a motion for leave to file a motion for a protective order. These motions will be denied as moot, since his case is being summarily dismissed.

**THEREFORE, IT IS ORDERED** that Sanders' petition to proceed *in forma pauperis* is granted.

**IT IS FURTHER ORDERED** that Sanders' § 1983 claim is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that Sanders' motions for appointment of counsel, preliminary injunction and leave to file a motion for a protective order are denied as moot.

5

The clerk is directed to mail a copy of this order to the warden of the institution where the patient is confined and to Corey Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated this      21st      day of February, 2008.

                                  s/ William C. Griesbach
                                  William C. Griesbach
                                  United States District Judge